In due course the case was appealed to the Superior Court, and the presiding judge affirmed the rulings of the Clerk in every respect.

To judgment entered in accordance therewith, the respondent excepts and appeals to the Supreme Court and assigns error.

*Hartsell, Hartsell & Mills, J. Maxton Elliott for respondent appellant.*

*Williams, Willeford & Boger for petitioner appellee.*

PER CURIAM. The single question brought forward in the present case is whether the evidence is sufficient to support the judgment of the court below. The case was heard upon the verified pleadings, as affidavits, and the facts found were to the effect that the respondent's personal interests conflict with his duties and responsibilities as coexecutor.

Upon a careful reading of the record of case on appeal the conclusion is that the evidence supports the findings of fact; that the findings of fact support the conclusions of law and that the conclusions of law support the judgment.

Therefore, the judgment of the Superior Court from which appeal is taken is

Affirmed.

---

THE NORTH ASHEBORO-CENTRAL FALLS SANITARY DISTRICT, PETITIONER v. WALTER STOWE AND WIFE, VALLIE O. STOWE, RESPONDENTS.

(Filed 3 May, 1961.)

APPEAL by respondents from *Sharp, S.J.,* July, 1960 Term, RANDOLPH Superior Court.

The petitioners instituted this proceeding to acquire, by condemnation, an easement over respondents' lands for the purpose of constructing a sewer line. The one issue raised by the pleadings is the amount of just compensation the respondents are entitled to recover for the easement rights taken.

The commissioners awarded $254.70. The respondents appealed to the superior court where the jury awarded $400.00. The court entered judgment on the verdict, from which the respondents appealed.

*H. Wade Yates, for petitioner, appellee.*
*Ottway Burton, Linwood T. Peoples, for respondents, appellants.*

PER CURIAM.  The record shows this cause was carefully and accurately tried by the Presiding Judge. The assignments of error are without merit.

No error.

---

EMILY MYERS ALLEN, CO-EXECUTOR OF THE ESTATE OF SAMUEL G. AL-LEN, DECEASED v. JAMES S. CURRIE, COMMISSIONER OF REVE-NUE OF THE STATE OF NORTH CAROLINA.

(Filed 10 May, 1961.)

**1. Fiduciaries—**

An executor acts in a fiduciary capacity. G.S. 32-2, G.S. 105-163.1(8).

**2. Executors and Administrators § 6—**

Title to personal property of a person vests in his executor upon his death, but the executor takes title in trust for the payment of debts and the distribution of the assets in accordance with the terms of the will or in conformity with the rules of distribution.

**3. Taxation § 30½—**

The fact that a distributee of an estate is a nonresident does not warrant the exemption of a proportionate part of the intangibles of the estate from the State intangibles tax when the will does not bequeath the nonresident any specific property or set up a trust, since in such event the executor neither holds nor controls any specific intangible property for the benefit of such nonresident. G.S. 105-212.

APPEAL by defendant from *Crissman, J.,* September Term, 1960, of MOORE.

Civil action under G.S. 105-266.1(c) to recover for alleged overpayment of intangible personal property taxes.

Samuel G. Allen, "a resident of and domiciled in" Moore County, North Carolina, died testate on October 16, 1956. His will was probated and filed in Moore County. As stated in appellee's brief: "His widow, Emily Myers Allen of Pinehurst, North Carolina, and his nephew, Bertram S. Allen, of Greenwich, Connecticut, were named as Executors of said Will and duly qualified as such before the Clerk of the Superior Court of Moore County." They qualified on October 27, 1956.